**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GARY ARTIAGA, #26304-077,**          ) | |
|             Petitioner,                              ) | |
|                                                              ) | |
| **v.**                                                 ) | **3:06-CV-0178-B** |
|                                                              ) | **ECF** |
| **DAN JOSLIN, Warden,**                  ) | |
|             Respondent.                           ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is presently confined at FCI Seagoville in Seagoville, Texas. Respondent is the Warden of FCI Seagoville. No process has been issued in this case.

Statement of Case: Following his plea of not guilty, Petitioner was convicted of conspiracy and use of a telephone to facilitate the commission of a felony in violation of 21 U.S.C. §§ 841(a)(1), 846, and 843(b). United States v. Artiaga, 4:95cr005-A(04) (N.D. Tex., Fort Worth Div.). On August 17, 1995, he was sentenced to 270 months on count 1 and forty-eight months on count 9 to run concurrently, a five-year term of supervised release, and a fine in the amount of $25,000. Id. The Fifth Circuit Court of Appeals affirmed his conviction and sentence on direct appeal. See No. 95-10755.

Prior to filing this action, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255, which the District Court denied. Artiaga v. United States, 4:98cv0009-A (N.D. Tex., Fort Worth Div., Apr. 17, 1998). The Fifth Circuit denied a certificate of appealability. See No. 98-10710.

In his habeas corpus petition, filed on January 27, 2006, Petitioner attacks the jurisdiction of the sentencing court to enhance his sentence. Specifically, he alleges that his sentence was improperly enhanced on the basis of "186 kilograms of cocaine not submitted to the grand jury nor charged in . . . [the] indictment." (Petition (Pet.) at 1). He, thus, argues that the indictment is defective and that the sentencing court lacked personal and subject matter jurisdiction "to increase his sentence." (Id. at 5).

Findings and Conclusions: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the legality of the conviction and sentence that he is currently serving. A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990). While a habeas petition under § 2241 is typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a § 2241 petition to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255. Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005); Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001); see also Christopher v. Miles, 342 F.3d 378,

2

381 (5th Cir.), cert. denied, 540 U.S. 1085 (2003).[1]

Since Petitioner is incarcerated in the Northern District, this Court has jurisdiction to determine whether his claims are properly brought under § 2241 via the savings clause of § 2255. Padilla, 416 F.3d at 426 (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

The petitioner "bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective." Padilla, 416 F.3d at 426. Fifth Circuit jurisprudence "makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." Reyes-Requena, 243 F.3d at 901-902 (citing Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000) ("Section 2241 is simply not available to prisoners as a means of challenging a result they previously obtained from a court considering their petition for habeas relief."); Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000) ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."); Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000) ("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective.")).

---

[1] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 ¶ 5 (emphasis added).

As stated in Padilla, "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a non-existent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.'" Padilla, 416 F.3d at 426 (quoting Reyes-Requena, 243 F.3d at 904).

Petitioner is unable to satisfy either prongs of the savings clause test. His claim is not based on any retroactively applicable Supreme Court decision which establishes that he has been convicted of a non-existent offense. As a matter of fact, Petitioner's jurisdictional argument relates solely to the enhancement of his sentence and relies on the wording of the indictment -- a document which has been in existence since the beginning of the criminal charges at issue in this case.

Insofar as Petitioner seeks to rely on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to argue that he is actually innocent of the sentence enhancement, his claim fares no better.[2] In Padilla, 416 F.3d at 425-26, the Fifth Circuit Court of Appeals held that a claim challenging only the validity of a sentence under Blakely and Booker did not fall within the savings clause of § 2255. The Court concluded that the Booker's holding, like Apprendi, is "not retroactively applicable to cases on collateral review." Id. at 426 (citing

---

[2] In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and reaffirmed in Blakely v. Washington, 542 U.S. 296, 120 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756. See also Padilla v. United States, 416 F.3d 424, 426 n. 1 (5th Cir. 2005). The Booker Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. Booker, 543 U.S. at 245, 125 S.Ct. at 756-57.

4

Booker, 125 S. Ct. at 738; Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 347 (5th Cir. 2002)). It further concluded that the petitioner's claim, which challenged only the enhancement of his sentence for possession of a weapon, did "not demonstrate that [the petitioner] was convicted of a non-existent offense and [as a result] ha[d] no effect on whether the facts of his case would support his conviction for the substantive offense." Id.

Accordingly, Petitioner is not entitled to invoke the savings clause of § 2255 and his petition should be dismissed for lack of jurisdiction. Christopher, 342 F.3d at 385 (dismissing for lack of jurisdiction claim which failed to satisfy § 2255 savings clause).

RECOMMENDATION:

Because Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in his habeas corpus petition, it is recommended that the petition under 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner Gary Artiaga, #26304-077, FCI Seagoville, P.O. Box 9000, Seagoville, Texas 75159.

Signed this 2nd day of March, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

5

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.